3-0-9-0-0-4-9. Council, please. Good morning. May it please the court. Council, my name is Steve Pleisic. I represent the employer in this matter, Per-Se Technologies. The issue in this case is whether or not the commission erred in finding that her burden of proof on the issues of accident and causal connection. The standard of review would be manifest weight of the evidence. That's the standard for findings of accident and causal connection by the commission. Per-Se asserts that the commission's decision was against the manifest weight of the evidence. The commission relies, the commission basically affirmed the arbitration decision, and the arbitration decision relies solely on the chart note of Dr. Orlovich from May 12, 2006. That office note reads in part, she asked me if a repetitive lifting job could be causative of this. I told her that at best I could say it would be a possibility, although there is no clear direct link to lifting equals adhesive capsulitis, and it can be seen spontaneously, especially in a diabetic. So I can't make a direct link. However, if the repetitive lifting caused the tendonitis, it certainly could have contributed to it, although I cannot make the direct link. The record is clear that Dozer is a type 2 diabetic and is insulin dependent, and she was insulin dependent prior to working for Per-Se. There is no evidence in the record that Dozer had or was even diagnosed with tendonitis in the affected shoulder. The proof presented in this case, or lack thereof, is similar to what was presented in the case of Village of Oriana. What Dr. Orlovich is saying, he's saying at best it's a possibility. Well, we all know what the saying is, is that anything is possible. Well, let's break that down a little bit. Can't the records of causal connection rest in a doctor's opinion that the claimant's caused by the accident? Isn't that sufficient legally? I believe that's sufficient, but I don't think that's what we have here. He's saying at best it's a possibility, which I think is less than could have or might have been. What he's actually saying in this case is it's a possibility that it's, at best it's a possibility, but really what it is, it's a spontaneous development based on her diabetic condition. He clearly says there's a direct link between diabetes and adhesive capsulitis. He clearly also says at best all he can say is it's a possibility that there is a possibility, although there is no clear direct link to lifting equals adhesive capsulitis. What if there was a link between the diabetes and the condition? Would that in and of itself include recovery? What if there was? Yes. I think there is a link. He basically says that there is a direct link between diabetes and the spontaneous development. Does that include recovery under the act? In this case, I think it does. Why? Because it clearly, and if you're looking at the manifest way to the evidence, if you're looking at what the evidence tells you, the evidence tells you that, according to Dr. Orlovich's written note, that there is a direct link between diabetes and the spontaneous development of adhesive capsulitis. Well, what I'm getting to, under the act, for an injury to be compensable, does the work related activities have to be the primary causative factor, the sole causative factor, or could it be a causative factor to allow for recovery? It could be a causative factor, but I do not believe that Dr. Orlovich's statement rises to that level, that it is a causative factor. He's saying, at best, it's a possibility. Wait a minute. Don't you see a difference between the could or might have testimony of a doctor and within a reasonable degree of medical certainty testimony of a doctor? What's the difference? Between those two scenarios? Yes. Well, I think it's, I think the doctor is saying that it's... One goes to causative connection, the other one only goes to mechanics of injury. Just because an injury could be caused by this mechanics doesn't mean it was. Now, somebody's got to, something's got to testify to proximate cause that it was. Could this lead to, could this behavior lead to this injury? Yes, it could. Now, that satisfies the mechanics of injury. This mechanics could cause this injury. But something's got to connect it, proximate cause-wise. So, I don't think the could or might have is sufficient to establish proximate cause, sufficient to establish mechanics of injury. But this woman testified that while performing her duty, she began experiencing the pain in her left shoulder that radiated down her left arm. Now, she can establish proximate cause without expert medical testimony. So, if you've got an expert testifying that the mechanics of injury could be this, and her saying that this is when I suffered pain, why isn't that enough? Well, first of all, the evidence as to when she started developing pain is, if you take it from her testimony, it was on April 10th of 04, which would have been approximately 14 months after she started working and doing these job duties. If you take as true what she told Dr. Orlovitch when she saw Dr. Orlovitch, that she began developing problems in her shoulder in January of 04, that's 11 months. So, we have her saying that she's working this case, in the best case scenario for her, for 11 months before she started developing problems with her shoulders, although she continued to do the same jobs for that 11 months. So, I don't believe that her testimony is sufficient to prove that the shoulder is related to her job, because she was working there for at least 11 months, or maybe even 14 months, before she started developing the problems in her shoulder. So, that takes out the chain of events. The chain of events theory of proof is good health prior to the job and bad health immediately after the job. I don't think it's reasonable to say even 11 months after starting this job and doing these job duties is reasonable. So, I don't think, to answer your question, I don't think her testimony is sufficient. And again, I think there's a difference between could or might have, and at best there is a possibility. I think that at best there is a possibility. I mean, he's straining to even say that there's a possibility. He won't even come out and say, yes, it's possible. So, if he's not even willing to say that, yes, it's possible, he's certainly not willing to say it could have or might have. He's straining. He's saying, at best, it's a possibility. So, I just, I think that based on the case law that I've cited in my brief, and I think the manifest weight of the evidence clearly shows that the cause of her adhesive capsulitis is the diabetic condition and not what she was doing at work. So, based on that, we're asking that the commission's decision be reversed, and that would include the awards of PPD, TTD, and medical expenses. No further questions? Thank you, counsel. Thank you. Counsel, please. Good morning, Your Honor. It's Todd Strong for the petitioner. With respect to the Orionis case, I remember arguing that case in 1996. Well, apparently you didn't take much of it in your brief. You didn't even mention it. I don't think it's applicable in this case. Well, then why don't you mention it in your brief? In this particular case, I don't recall why I did not mention it or address it in the brief. The only thing that I would say on that case, my recollection is, is that case fell on some ambiguous testimony of a Dr. Harms from the Carl Clinic that was somewhat equivocal, I think, in your words, Your Honor. In the dissenting opinion in the Orionis case from Judge Holdridge, I think that he, in that opinion, recognized that there was conflicting medical testimony that should not have been disturbed. The distinguishing characteristics between Orionis, from my recollection, is that there was a competing IME decision in that case, which we don't have in this particular case. I disagree with counsel's remarks that the commission decision in this case is solely based upon the opinion of Dr. Orlovich. I think that the issue in this case is, is there sufficient evidence in the record to support an inference that there is a causal connection? In the Navistar case cited by my opponent, Justice Holdridge wrote that a determination of causal connection by the commission is a question of fact, not to be set aside unless it's against the manifest weight of evidence, meaning that an opposite conclusion must be clearly apparent. In this particular case, we have more than the opinion of Dr. Orlovich. We have the testimony of the petitioner. We also have the pictures of these banker boxes that shows a five-foot-four employee pushing these banker boxes to the ceiling in a room completely full of that. So I think that the commission did not, in and of itself, rely exclusively or solely upon the opinion of Dr. Orlovich in this case. I concede it's ambiguous, just like the opinion of Dr. Harms was in the village of Oriantis. However, there is, as Justice to my right indicates, that there are facts in the record that the petitioner testified that as she was lifting these things to the ceiling on a continuous and regular basis that she experienced problems with her arm or shoulder. The record in this case is probably not as fully developed as what you've seen in the records, for example, in the village of Oriantis there was not exclusive depositions. We have the report of Dr. Orlovich only and exclusively. That report in and of itself is unrebutted in this case, and I think that this Court should take the unrebutted nature of that opinion and cast it in a certain light in this case, that there is no competing opinion to rebut or refute that. Is that opinion in and of itself the exclusive or sole reason or basis to support? No, it isn't. There's plenty of facts in this record. Could it be sufficient in and of itself? I think it could. Do you think could or might have is sufficient to support, standing alone is sufficient to support proximate cause? I don't think that we're talking about proximate cause. I think we're dealing with a situation of causal connection. I think that the standard... There's no question that could or might have can establish mechanics of injury as a possibility for the injured, but it's merely a possibility. It doesn't establish proximate cause. That has to be established within a reasonable degree of medical certainty. If you're going to get a doctor, then he's got to say, in my opinion, within a reasonable degree of medical certainty, this injury was caused by this. Could or might have only establishes that this mechanic that has been described could cause this injury. That exists, for proximate cause purposes, exists only within the realm of possibility. Can't draw inference from possibility. I think that, I guess, for my diversion of you, I don't necessarily disagree with your stance on this issue in the context of a negligence claim, for example, where proximate cause is an issue of negligence. In this particular case, the issue is causal connection and the case law and holdings defining what condition is causal. Well, causal connection is the same thing as proximate cause. I disagree with that to a certain degree. Don't you have to prove in a workers' compensation case that something that happened out of and in the course of the employment caused this injury? Because you're recovering for this injury. So you've got to prove the proximate causal connection between the two. A person can have this injury, but it doesn't necessarily have to be related in any way to their employment. I think that you have to prove a relationship. I clearly agree with you on that. I think it's your use of the term proximate cause in the context of a workers' compensation that maybe I'm disrespectfully using. Well, we use it very frequently. You would use it, but I think it's defined as something that's more probably true than not true. What is the measure in workers' compensation if it's not more probably true than not true? It's a preponderance of the evidence test on every element. It's a preponderance of the evidence test, but I think the verbiage would be more properly or the issue would be more properly framed as could or might there be a causal connection between the accidental injuries which arose out of and occurred during the scope of the employment and the condition of ill-being. Well, that certainly, standing alone, would not entitle someone to recovery. That certainly, standing alone, wouldn't entitle a person to recovery. That would be mere possibility. I think that in the realm of a strict liability standard. The reason I'm raising it is we have some very loosely worded opinions out there that suggest could or might have insufficient to establish proximate causal relationship, and I think they're just absolutely erroneous. It's just poor wording in opinions we've set up. It establishes mechanics, and mechanics certainly is an element of proximate cause. I mean, you can't say that this injury was caused by employment if the mechanics of the injury described could never cause that injury. You can't say that. You can't come to a conclusion. I think that in the context of the statute, I think the statute uses a causative factor. Well, of course. A causative. But I think a causative factor is different than the proximate cause of an injury. I think that the language in the statute is, you know, when we're talking about a contributing factor, a precipitating factor, a causative factor. Logically, I suppose your argument would be that you're entitled to recover in a worker's compensation case even if you are unable to establish that the injury suffered was in fact caused by the employment or that the employment even contributed to the injury. I'm not following your question there. Look, it's either a cause or it's not a cause. You know, either a person's injured by reason of their employment or they're not. It's not maybe they could be and maybe they couldn't be. When you get to maybe they could be or maybe they couldn't be, you lose because it's a possibility. It's not probable. It can't support an inference. Can you recover for injury without a doctor's opinion? Yes. Okay. And so a doctor's opinion, whether it meets that higher standard or the standard that's been discussed, may not be that relevant if the other evidence is there to establish by the fact finder ultimately determines causation, correct? That's correct. And your argument is there's other additional hypothesis that combine to establish causation. That's why I raised the issue that she testified that her injury manifests itself when she was working, when she was lifting the boxes. She can do that because we have cases that say you don't need the doctor's opinion. My only argument is with the notion that a doctor can say could or might have and that establishes proximate cause because I think it's an erroneous notion  You know, I don't disagree with you that the case law and the verbiage in the case law is all over the place about could or might be or a possibility or a causative factor. I guess if this court were inclined to delve into that and deeply into the context. Well, you can still win based on her testimony. I mean, I presume it's what you're arguing. Correct. But I think that, more importantly, I think that, you know, you would look to the verbiage of the statute and I guess I'm respectfully disagreeing with you that a causative factor is different in my mind than the causative factor. Nobody suggests that it has to be B. It can be A. But it still has to be a causative factor. Or could it be. And that's proximate cause. Or could it be, could or might it have been a causative factor. That's not enough to establish proximate cause. That's possible. And I just respectfully disagree. Having said that, I think that I've covered my arguments in terms of where I stand. I think that the facts in this case alone, setting aside the Dr. Orlovich opinion, are sufficient. I just request that the underlying courts be affirmed unless the court has no further questions. Thank you, Counselor Rubello. I think the Commission, I think the Commission does clearly rely on Dr. Orlovich and even indicates that Dr. Orlovich is unrebutted and relies heavily on Dr. Orlovich's opinion. The fact that Dr. Orlovich's opinion is unrebutted is irrelevant in my opinion as Dr. Orlovich, I don't think, gives Dozer sufficient proof that the accident even occurred, let alone that her condition is causally connected to the accident. Wait a minute. If you rely on Orlovich's opinion that the lifting of these boxes could cause this injury, well, that doesn't get her proximate cause. But then she turns around and testifies that, my injury manifest itself while I was lifting these boxes, why don't the two together establish the proximate cause? Well, necessary to recover. If Orlovich did say lifting of the boxes certainly could or might cause adhesive capsulitis, I would agree with you that that would establish accident. But in this case, he doesn't say that. He strains to say it was even a possibility that lifting would cause adhesive capsulitis. Remember, we're not talking about a shoulder sprain. We're not talking about a tear in the shoulder that would be caused by acute trauma. We are talking about adhesive capsulitis, which is a condition of frozen shoulder, which doesn't, to the layperson, doesn't flow into trauma equals frozen shoulder. Trauma might equal sprain. Trauma might equal tear. Trauma might equal fracture. But trauma doesn't cause frozen shoulder. So we're not talking about an acute type injury. We're talking about a systemic problem, some kind of pathology that can't be explained by trauma. And I think that's what Dr. Orlovich is saying, that he's straining to even say it's a possibility. So I disagree that his note can be interpreted as saying lifting could or might have a cause of adhesive capsulitis. And certainly his chart note doesn't establish causal connection, because he never says within a reasonable degree of medical and surgical certainty that adhesive capsulitis is caused by the lifting that she's doing at work. In fact, I think he comes out and he says that there is a direct link between the spontaneous development of adhesive capsulitis and her diabetes. And again, her testimony alone doesn't establish it either. If you go with Navistar, you need an immediate bad health after her starting that job. And the best case scenario for her is she didn't have problems with her shoulder until 11 months after working that job, doing the same duties from day one. So you don't have her establishing an immediate bad health on this case. All you have her is saying, I was at work, I was doing something at work, and had a problem with my shoulder. That's a lot different than I started this job on February 17, 2003, and within the next week I was having severe pain in my shoulders. You don't have that testimony. So I don't think you have the medical testimony, and I don't think you have the factual testimony to support the Commission's decision. And I think, based on the record, the Commission's decision is against the manifest weight of the evidence. Thank you. Thank you, Counsel. The Court will take the matter under advisement for disposition. We'll stand in recess for a short period.